2004 WY 152

**Paul R. LEWIS and Lewis Holding Company, Inc., a Wyoming Corporation, Appellants (Plaintiffs),**

**v.**

**COMMUNITY FIRST NATIONAL BANK, N.A., a National Banking Association, Appellee (Defendant).**

No. 04–20.

Supreme Court of Wyoming.

Dec. 1, 2004.

Representing Appellants: James P. Castberg, Sheridan, Wyoming.

Representing Appellee: Bradley D. Bonner of Bonner Stinson, P.C., Powell, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and STEBNER, D.J., Retired.

KITE, Justice.

[¶ 1]   After Paul R. Lewis defaulted on his personal commercial loan, Community First National Bank, N.A. (the bank) transferred funds from an account maintained by Lewis Holding Company, Inc. (the company) to cover the past due loan payments.   When Mr. Lewis, president of the company, discovered the transfers and complained, the bank offered to reverse the set-off payments.   Mr. Lewis declined the offer.   He and the company then brought an action against the bank for breach of good faith.   The district court dismissed the entire action on the bank's partial motion for summary judgment, holding that Mr. Lewis and the company failed to show they suffered any damages attributable to the bank's actions.   We affirm.

## ISSUES

[¶ 2]   Mr. Lewis and the company present the following issue:

It was arbitrary and capricious and an abuse of judicial discretion for the trial judge to grant the defendant's/counter plaintiff's motion for partial summary judgment dismissing the plaintiffs' complaints, after the court had granted the motion for joinder.

The bank phrases the issue as follows:

Whether the district court properly granted summary judgment because there were no genuine issues of material fact that Appellants suffered damages and because Appellee was entitled to judgment as a matter of law.

## FACTS

[¶ 3]   On May 21, 1997, Mr. Lewis, d/b/a Cowley Mercantile, obtained a personal commercial loan for $240,216.00 from the bank's branch in Powell, Wyoming.   Lewis Holding Company, of which Mr. Lewis was president, was not a party to the loan transaction.   According to the loan payment schedule, Mr. Lewis was required to repay the loan in fifty-nine (59) installment payments of $2,450.00 beginning June 20, 1997, and continuing monthly thereafter with a final payment of the unpaid principal balance plus interest on May 20, 2002.   In late July 2000, the bank received two loan payment checks from Mr. Lewis that were returned for insufficient funds.   When Mr. Lewis did not bring his loan payments current by September 21, 2000, the bank debited a checking account maintained by the company with Mr. Lewis as a signatory at the bank's Sheridan branch and transferred the funds to Mr. Lewis' loan account in Powell to cover the past due loan amounts.   The bank performed the same sort of transfer from the company's account on three other occasions when Mr. Lewis defaulted again in 2000 and 2001.   The total amount of the four debits was $14,700.00.

[¶ 4]   On March 2, 2001, Mr. Lewis called the bank to complain about the transfers. After reviewing the bank's file, a bank representative offered to return the $14,700.00 to the company's Sheridan account.   Mr. Lewis refused the offer and, on April 30, 2002, he and the company filed complaints against the bank, one in the Fourth Judicial District, Sheridan County, and the other in the Fifth Judicial District, Park County.   Both complaints alleged that the bank negligently breached its duty of good faith by debiting the company's account and transferring the funds to cover Mr. Lewis' personal loan payments.   Mr. Lewis and the company sought general and punitive damages.

[¶ 5]   The bank answered the complaints and filed a counterclaim and third party complaint in the Park County action seeking foreclosure of the mortgage and repossession of the property pledged as collateral for the loan.   The bank also moved to consolidate the two cases into one action in the Fifth Judicial District.   The Fourth Judicial District court made a limited assignment of the Sheridan County case to the Fifth Judicial District court for hearing and deciding the motion to consolidate.   Following the hearing, the Fifth Judicial District court granted the motion and consolidated the claims.

[¶ 6]   On December 12, 2002, the bank filed a motion to dismiss the claims on the ground that the bank's relationship with Mr. Lewis and the company was contractual and all of Mr. Lewis' and the company's claims sounded in negligence.   Citing the rule that tort liability cannot be premised solely upon contractual duties, the bank asserted the

complaint failed to state a claim under W.R.C.P. 12(b)(6). The district court entered an order granting the motion but allowing Mr. Lewis and the company to file an amended complaint. Mr. Lewis and the company did so, with Mr. Lewis alleging two counts of "breach of duty of good faith" and requesting an accounting, and the company alleging five counts of "breach of duty of good faith".[1] Mr. Lewis sought unspecified general and special damages. The company sought unspecified general damages and special damages in the amount of $13,900.00.

[¶ 7] The bank filed an amended answer and counterclaim followed by a partial motion for summary judgment in which it asserted that Mr. Lewis' and the company's claims were precluded because Mr. Lewis, not the bank, caused any damages he and the company suffered by his refusal to accept the bank's offer to return the funds. The district court granted the motion, finding that no genuine issue of material fact existed on the issue of damages "because all of the damages claimed by [Mr. Lewis and the company] to have allegedly resulted from [the bank's] withdrawal of funds from the Sheridan checking account occurred after [the bank] offered to put the withdrawn funds back and [Mr. Lewis] refused to accept return of the funds." The district court dismissed all of Mr. Lewis' and the company's claims.

## STANDARD OF REVIEW

[¶ 8] Our standard for reviewing summary judgments is well established:

In reviewing summary judgment orders, we have the same duty, review the same materials, and follow the same standards as the district court. The propriety of granting a motion for summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a

matter of law. A genuine issue of material fact exists when a disputed fact, if proven, would have the effect of establishing or refuting an essential element of an asserted cause of action or defense.

We view the record from the standpoint most favorable to the party opposing the motion, giving to that party all favorable inferences that fairly may be drawn from the record. We will uphold summary judgment on the basis of any proper legal theory appearing in the record.

*Merrill v. Jansma,* 2004 WY 26, ¶¶ 6–7, 86 P.3d 270, ¶¶ 6–7 (Wyo.2004) (citations omitted).

## DISCUSSION

[¶ 9] Mr. Lewis and the company claim the district court erred in granting summary judgment because a genuine issue of material fact existed for jury determination. They cite *Moore v. Continental Insurance Company,* 813 P.2d 1296, 1300 (Wyo.1991) and several other Wyoming cases for the rule that generally the question of whether a party exercised reasonable diligence in mitigating damages is for the fact finder. They also cite *Restatement (Second) of Contracts,* § 350 (1981), which states:

(1) Except as provided in Subsection (2), damages are not recoverable for loss that the injured party could have avoided without undue risk, burden or humiliation. (2) The injured party is not precluded from recovery by the rule stated in subsection (1) to the extent that he has made reasonable but unsuccessful efforts to avoid the loss.

Based upon this provision, Mr. Lewis and the company argue that a question of fact existed as to whether Mr. Lewis could have mitigated the damages without "risk, burden or humiliation." They assert he was "on the horns of a dilemma, ... not of his own making," because accepting the bank's offer

---

1. Mr. Lewis alleged the bank owed a duty of acting in good faith under the terms of the commercial loan agreement. The company alleged the bank owed a duty of good faith under its account agreement. Wyoming recognizes a claim for breach of the implied covenant of good faith and fair dealing, however, Mr. Lewis and the company did not caption their claim as such nor did they allege the elements necessary to state a claim for breach of the implied covenant of good faith and fair dealing. While a substantial question exists as to whether the complaint states a claim for which relief can be granted, we confine our discussion to the issues raised and affirm on the same grounds relied upon by the district court.

to return the funds to the Sheridan account would have left him in default on his loan payments.

[¶ 10] The bank responds that this case falls squarely within the rule that where reasonable minds could not differ that the injured party caused his own damages summary judgment is entirely appropriate. It was Mr. Lewis' refusal to accept the bank's offer to return the funds, the bank argues, that caused the damages the company allegedly suffered. The bank contends Mr. Lewis could have mitigated those damages by accepting its offer. The resulting harm to him personally from having a delinquent loan, the bank asserts, was caused by his own actions and did not justify his failure to mitigate the company's damages nor does it create a genuine issue of material fact sufficient to defeat summary judgment.

[¶ 11] The parties correctly assert that the question of whether an injured party has exercised reasonable diligence and care in mitigating damages is generally for the fact finder to determine. *Moore*, 813 P.2d at 1300. However, where reasonable minds could not differ concerning efforts to mitigate, summary judgment is appropriate. *Id.* Thus, in *Moore*, this Court affirmed a summary judgment where the facts clearly demonstrated the injured party, by his own avoidable action or inactions, caused the damages about which he complained. We reached a similar result in *Cordero Mining Co. v. United States Fidelity & Guarantee Ins. Co.*, 2003 WY 48, 67 P.3d 616 (Wyo. 2003).

[¶ 12] Application of this same reasoning to the present case leads us to affirm the order granting summary judgment. The bank offered to return the transferred funds to the company's account in Sheridan. Mr. Lewis, the president of the company, refused the offer. Had he accepted the offer, the funds would have been returned to the account and the company would have suffered no damages. Any damages suffered by Mr. Lewis personally upon return of the funds to the company's account were attributable not to the bank's actions but to his own failure to make his loan payments in a timely manner. Any risk to him personally from accepting

the bank's offer is irrelevant to the issue of whether he acted reasonably to mitigate the company's damages. Reasonable minds could not differ concerning these conclusions. Therefore, summary judgment was proper.

[¶ 13]   Affirmed.